# EXHIBIT "C"

Case 3:17-cv-01530-G Document 1-3 Filed 06/08/17 Page 2 of 12 PageID 19
2 CT-E-SERVE

FILED
DALLAS COUNTY
5/2/2017 2:25:11 PM
FELICIA PITRE
DISTRICT CLERK

Freeney Anita

Cause No. DC-17-05185

| | | |
|---|---|---|
| CARRILLO FUNERAL DIRECTORS, INC. § | | IN THE DISTRICT COURT OF |
| § | | |
| § | | |
| V. § | | DALLAS COUNTY, TEXAS |
| § | | |
| § | | |
| § | | |
| OHIO SECURITY INSURANCE § | | |
| COMPANY and JULIUS JOHN § | | |
| HORVATH § | | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION & JURY DEMAND

TO THE HONORABLE JUDGE & JURY OF DALLAS COUNTY CITIZENS:

Plaintiff CARRILLO FUNERAL DIRECTORS, INC. ("Carrillo") ("Plaintiff") file this Original Petition against Defendants OHIO SECURITY INSURANCE COMPANY ("Ohio Security" or "Carrier") and JULIUS JOHN HORVATH ("Mr. Horvath") (collectively "Defendants") and would respectfully show the following:

### Discovery Control Plan

1.1 Plaintiff intends to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.

### Parties

2.1 Plaintiff, Carrillo Funeral Directors, Inc. is a domestic for-profit corporation.

2.2 Upon information and belief Ohio Security Insurance Company is a foreign fire and casualty insurance company engaged in the business of insurance in Texas, operating for the purposes of accumulating monetary profit. Ohio Security regularly conducts the business of insurance in a systematic and continuous

1

manner in the State of Texas and may be served with process by serving certified mail, return receipt requested, to **Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218**.

2.3 Upon information and belief, Mr. Horvath is a natural person who resides and works in the State of Texas and may be served with process to **Julius John Horvath, 2400 Lakeside Blvd., Suite 400, Richardson, Texas 75082-4341**.

### Venue & Jurisdiction

3.1 Venue is proper in Dallas County under Tex. Civ. Prac. & Rem. Code section 15.002(a)(2) as it is the resident of natural person defendant Julius John Horvath is a resident of Dallas County. Venue is proper in Dallas County under Tex. Civ. Prac. & Rem. Code section 15.002(a)(1) as all or a substantial part of the events or omissions giving rise to this claim occurred in Dallas County and Plaintiff's properties that are the subject of the insurance policy, claim, denial, and litigation is in Dallas County. In particular, the adjustment of the claim by Defendant Mr. Horvath for losses under the policy (including denial and underpayment of the claim and payments to be made to Plaintiff in Dallas County under the policy) were conducted in Dallas County, Texas. Further, investigations and policy representations, including communications to and from Defendants and Plaintiff (including telephone calls, mailings, and other communications to Plaintiff) occurred in Dallas County, Texas. Additionally, site inspections and communications serving as the basis for suit occurred at the damaged subject properties in Dallas County.

3.2 Plaintiff seeks damages within the jurisdictional limits of this Court. At this time, Plaintiff seeks monetary relief in an amount over $1,000,000. Plaintiff reserves the right to modify the amount and type of relief sought in the future.

### Factual Background

4.1 On or before April 4, 2014, Ohio Security sold a commercial property insurance policies bearing Policy Nos. BKS55859693 to Plaintiff whereby Ohio Security would provide insurance coverage for the properties located at 2301 Ephriham Court, Fort Worth, Texas 76164; 2615 S. Buckner Blvd., Dallas, Texas, 75227; 800 SW 3rd Street, Grand Prairie, Texas 75051 (the "Properties") in exchange for the timely payment of premiums (the "Policy"). The Properties consist of structures owned by Carrillo. The Policy was sold by Ohio Security to Plaintiff as the insured under the Policy and provides coverage for damages to the Properties caused by a wind and hail storm.

4.2 On or about April 4, 2014, Plaintiff's properties were substantially damaged by a wind and hail storm that struck Dallas and Tarrant Counties. As a result, the roof, HVAC, exterior, and interior of the Properties were substantially damaged. Immediately upon discovering the damage, Plaintiff filed an insurance claim under the Policy with Ohio Security for damages to the Properties caused by the wind and hail storm. Plaintiff asked that the cost of repairs be covered pursuant to the Policies.

4.3 Ohio Security is the insurer on the Properties. In response to the catastrophe claim, the Carrier assigned adjusters, consultants, and agents to Plaintiff's files that

were inadequate and improperly trained. More specifically, Ohio Security assigned Plaintiff's claims to Mr. Horvath to adjust the damages under the Policy.

4.4 Mr. Horvath failed to perform a thorough investigation of the claim. Mr. Horvath inspected the properties on July 9, 2015 and July 15, 2015. He performed a substandard inspection of the Properties. After visiting the Properties, Mr. Horvath did not prepare any estimates or scopes of damages to the Properties or failed to provide those to the insured. Mr. Horvath failed to hire any qualified experts to appropriately assess the damage. Mr. Horvath delayed the claims process and failed to communicate with the insured. Mr. Horvath also misrepresented coverage afforded under the Policy. Mr. Horvath performed an inadequate, incomplete and unreasonable investigation of Plaintiff's claims, which is evidenced by his delays, lack of communication, refusal to hire to appropriate consultants, and lack of estimates or scopes of damage to account for the necessary repairs for the Properties. Ohio Security relied exclusively on Mr. Horvath in determining what amounts, if any, to pay on Plaintiff's claims and failed to perform their own adequate investigation.

4.5 Ohio Security and Mr. Horvath wrongfully underpaid and denied Plaintiff's claims for property repairs on September 22, 2015. Defendants represented to Plaintiff that certain damages were not covered under the Policy when in fact they were. Ohio Security and Mr. Horvath have chosen to continue to deny timely payment of the damages. As a result, Plaintiff has not been fully paid under the Policy provided by Ohio Security since the hailstorm. Plaintiff was forced to hire

their own consultant to independently evaluate the damages to the Property because Defendants refused to do so. To this day, Ohio Security refuses to pay for the necessary repairs to the Properties as required under the Policy.

4.6  As a result of Defendants' acts and/or omissions, Plaintiff was required to retain an attorney to prosecute its claim for insurance benefits.

4.7  Unfortunately, Defendants have delayed payments for Plaintiff's necessary and covered property repairs under the insurance policy that Ohio Security wrote. Given the repeated delays of payments, Plaintiff has been subjected to significant economic impact, worry, distress, and continuing economic and physical damages. Because of Defendants' delays, denials, and underpayment, Plaintiff has been unable to make necessary repairs to the Properties which has resulted in further damages to the Properties, including additional interior and roof damage, among others. In addition, Plaintiff has suffered financial harm and damage as a result of Defendants' denials and repeated delays. The significant effect of Defendants' wrongful and unjustified delays, however, is still uncompensated.

### FIRST CAUSE OF ACTION—Violations of Texas Insurance Code

5.1  Plaintiff re-alleges and incorporates each allegation contained in Paragraphs 1-4.7 of this Petition as if fully set forth herein.

5.2  Ohio Security and Mr. Horvath failed to attempt to effectuate a prompt, fair, and equitable settlement of a claims with respect to which liability has become reasonably clear, in violation of Texas Insurance Code Section 541.060 (a)(2)(A).

5.3   Ohio Security and Mr. Horvath failed to adopt and implement reasonable standards for prompt investigation of claims arising under its policies.

5.4   Ohio Security and Mr. Horvath failed to provide promptly a reasonable explanation, in relation to the facts or applicable law, for the denial of a claims, in violation of Texas Insurance Code Section 541.060 (a)(3).

5.5   Ohio Security and Mr. Horvath failing within a reasonable time to affirm or deny coverage of a claim to policyholders; or submit a proper reservation of rights to policyholders in violation of Texas Insurance Code Section 541.060(a)(4).

5.6   Ohio Security and Mr. Horvath refused to pay claims without conducting a reasonable investigation with respect to the claims, in violation of Texas Insurance Code Section 541.060 (a)(7).

5.7   Ohio Security and Mr. Horvath misrepresented the insurance policies under which it affords Property coverage to Plaintiff, by making an untrue statement of material fact, in violation of Texas Insurance Code Section 541.061 (1). Ohio Security and Mr. Horvath misrepresented the insurance policies to Plaintiff, by making an untrue statement of material fact, in violation of Texas Insurance Code Section 541.061 (1).

5.8   Ohio Security and Mr. Horvath misrepresented the insurance policies under which it affords Property coverage to Plaintiff by failing to state a material fact that is necessary to make other statements made not misleading, in violation of Texas Insurance Code Section 541.061 (2). Ohio Security and Mr. Horvath misrepresented the insurance policies to Plaintiff by failing to state a material fact

that is necessary to make other statements made not misleading, in violation of Texas Insurance Code Section 541.061 (2).

5.9   Ohio Security and Mr. Horvath misrepresented the insurance policy under which it affords Property coverage to Plaintiff by making a statement in such manner as to mislead a reasonably prudent person to a false conclusion of material fact, and failing to disclose a matter required by law to be disclosed, in violation of Texas Insurance Code Section 541.061 (3) and Texas Insurance Code Section 541.002 (1). Ohio Security and Mr. Horvath misrepresented the insurance policy to Plaintiff by making a statement in such manner as to mislead a reasonably prudent person to a false conclusion of material fact, and failing to disclose a matter required by law to be disclosed, in violation of Texas Insurance Code Section 541.061 (3) and Texas Insurance Code Section 541.002 (1).

5.10   Ohio Security and Mr. Horvath knowingly committed the foregoing acts, with actual knowledge of the falsity, unfairness, or deception of the foregoing acts and practices, in violation of Texas Insurance Code Section 541.002 (1).

### SECOND CAUSE OF ACTION—Prompt Payment of Claim

6.1   Plaintiff re-alleges and incorporates each allegation contained in Paragraphs 1-5.10 of this Petition as if fully set forth herein.

6.2   The Carrier failed to acknowledge receipt of the claim in violation of Texas Insurance Code Section 542.055 (a)(1).

6.3   The Carrier failed to timely commence investigation of the claim or to request from Plaintiff any additional items, statements or forms that Ohio Security

and Mr. Horvath reasonably believe to be required from Plaintiff in violation of Texas Insurance Code Section 542.055 (a)(2)-(3).

6.4 The Carrier failed to notify Plaintiff in writing of the acceptance or rejection of the claim not later than the 15th business day after receipt of all items, statements and forms required by the Ohio Security and Mr. Horvath in violation of Texas Insurance Code Section 542.056(a).

6.5 The Carrier delayed payments of Plaintiff's claims in violation of Texas Insurance Code Section 542.058(a).

### THIRD CAUSE OF ACTION---Statutory Interest

7.1 Plaintiff re-alleges and incorporates each allegation contained in Paragraphs 1-6.5 of the Petition as if fully set forth herein.

7.2 Plaintiff makes a claim for penalties of 18% statutory interest on the amount of the claims along with reasonable attorneys' fees for violation of Texas Insurance Code Subchapter B pursuant to Texas Insurance Code Section 542.060.

### FOURTH CAUSE OF ACTION---Breach of Contract

8.1 Plaintiff re-alleges and incorporates each allegation contained in Paragraphs 1-7.2 of the Petition as if fully set forth herein.

8.2 The Carrier breached their contract with Plaintiff. As a result of the Carrier's breach, Plaintiff suffered legal damages.

### FIFTH CAUSE OF ACTION---Breach of duty of good faith & fair dealing

9.1 Plaintiff re-alleges and incorporates each allegation contained in Paragraphs 1-8.2 of the Petition as if fully set forth herein.

9.2 The Carrier, as the Properties coverage insurers, had a duty to deal fairly and in good faith with Plaintiff in the processing of the claim. The Carrier breached this duty by refusing to properly investigate and effectively denying insurance benefits. The Carrier knew or should have known that there was no reasonable basis for denying or delaying the required benefits. The Carrier's duty of good faith and fair dealing was non-delegable. As a result of the Carrier's breach of these legal duties, Plaintiff suffered legal damages.

### SIXTH CAUSE OF ACTION---Punitive Damages for Bad Faith

10.1 Plaintiff re-alleges and incorporates each allegation contained in Paragraphs 1-9.2 of this Petition as if fully set for herein.

10.2 Defendants acted fraudulently and with malice (as that term is legally defined) in denying and delaying Plaintiff's claims for benefits. Further, Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff.

### SEVENTH CAUSE OF ACTION---Violations Of Texas DTPA

11.1 Plaintiff re-alleges and incorporates each allegation contained in Paragraphs 1-10.2 of this Complaint as if fully set forth herein.

11.2. The Deceptive Trade Practices-Consumer Protection Act (DTPA) provides additional protections to consumers who are victims of deceptive, improper, or illegal practices. Defendants' violations of the Texas Insurance Code create a cause of action under the DTPA. Defendants' violations of the Texas Insurance Code, as set forth herein, specifically violate the DTPA as well.

## KNOWLEDGE

12.1   Each of the actions described herein were done "knowingly" as that term is used in the Texas Insurance Code and were a producing cause of Plaintiff's damages.

## RESULTING LEGAL DAMAGES

13.1   Plaintiff is entitled to the actual damages resulting from the Defendants' violations of the law. These damages include the consequential damages to its economic welfare from the wrongful denial and delay of benefits, and continued impact on Plaintiff; lost credit reputation; and the other actual damages permitted by law. In addition, Plaintiff is entitled to exemplary damages.

14.2   As a result of Defendants' acts and/or omissions, Plaintiff has sustained damages in excess of the minimum jurisdictional limits of this Court.

14.3   Plaintiff is entitled under law to the recovery of prejudgment interest at the maximum legal rate.

14.4   Defendants' knowing violations of the Texas Insurance Code and DTPA entitle Plaintiff to the attorneys' fees, treble damages, and other penalties provided by law.

14.5   Plaintiff is entitled to statutory interest on the amount of their claim at the rate of 18% per year as damages under the Texas Insurance Code 542.060(a).

14.6   As a result of Defendants' acts and/or omissions, Plaintiff has sustained damages in excess of the jurisdictional limits of this Court.

14.7  Plaintiff is entitled under law to the recovery of prejudgment interest at the maximum legal rate.

14.8  Plaintiff is entitled to the recovery of attorneys' fees pursuant to Tex. Civ. Prac. & Rem. Code §38.001, the Texas Insurance Code 542.060(a)-(b), the Tex. Bus & Commerce Code §17.50 and Tex. Civ. Prac. & Rem. Code §37.009.

### Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully request that Plaintiff have judgment against Defendants for actual damages in excess of the minimum jurisdictional limits of this Court, pre- and post-judgment interest as allowed by law, costs of suit, and all other relief, at law or in equity, to which Plaintiff may be entitled.