UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CARRILLO FUNERAL DIRECTORS, INC., | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| VS. | ) ) | 3:17-CV-1530-G |
| OHIO SECURITY INSURANCE COMPANY, ET AL., | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the plaintiff's motion to remand this case to the state court from which it was previously removed (docket entry 14). For the reasons stated below, the plaintiff's motion to remand is denied.

### I. BACKGROUND

This case arose from the alleged mishandling of the plaintiff Carrillo Funeral Directors, Inc. ("Carrillo")'s insurance claim for damage to its properties following a hailstorm. *See* Plaintiff's Original Petition ("Plaintiff's Petition") ¶ 4.2, *attached to*

Defendants' Notice of Removal ("Notice of Removal") (docket entry 1). Upon discovery of roof damage following the storm, Carrillo filed an insurance claim with its insurer, Ohio Security Insurance Company ("Ohio Security"). *Id.* Ohio Security then assigned Julius John Horvath ("Horvath"), an individual adjuster, to investigate, inspect, and prepare a report on the claim. *Id.* ¶ 4.3. Carrillo contends that Horvath's inspection of the damaged property and the overall manner in which he handled the claim were insufficient, which resulted in Ohio Security underpaying and partially denying Carrillo's claim. *Id.* ¶ 4.4.

On May 2, 2017, Carrillo filed this suit against Ohio Security and Horvath in the 192nd District Court of Dallas County, Texas, to recover damages resulting from the alleged mishandling of its insurance claim. See *id*. ¶¶ 5.1-11.2. On June 8, 2017, the defendants removed the case to this court based on diversity of citizenship, arguing that Carrillo improperly joined Horvath, a Texas citizen. *See* Notice of Removal ¶¶ 12-14. On July 10, 2017, Carrillo moved to remand this case to the state court, arguing that removal was improper because there is not complete diversity of citizenship. *See* Plaintiff Carrillo's Motion to Remand ("Plaintiff's Motion") (docket entry 14).

Because Carrillo does not dispute that the amount in controversy exceeds $75,000, *see generally* Plaintiff's Motion, the only issue before the court is whether it was proper for Carrillo to join Horvath as a defendant

## II. ANALYSIS

### A. Legal Standards

#### 1. *Removal Jurisdiction*

28 U.S.C. § 1441(a) permits the removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The statute allows a defendant to "remove a state court action to federal court only if the action could have originally been filed in federal court." *Anderson v. American Airlines, Inc.*, 2 F.3d 590, 593 (5th Cir. 1993). However, the removal statute must be strictly construed because "removal jurisdiction raises significant federalism concerns." *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (citation omitted). Accordingly, "any doubt as to the propriety of removal should be resolved in favor of remand." *Id.* (citation and internal quotations omitted). The party seeking removal bears the burden of establishing federal jurisdiction. *Willy v. Coastal Corporation*, 855 F.2d 1160, 1164 (5th Cir. 1988).

There are two principal bases upon which a district court may exercise removal jurisdiction: (1) the existence of a federal question, *see* 28 U.S.C. § 1331, and (2) complete diversity of citizenship among the parties. *See* 28 U.S.C. § 1332. Here, the defendants have alleged only diversity of citizenship as a basis for this court's jurisdiction. *See* Notice of Removal ¶ 8. The court can properly exercise jurisdiction

on the basis of diversity of citizenship only if three requirements are met: (1) the parties are of completely diverse citizenship, *see* 28 U.S.C. § 1332(a); (2) none of the properly joined defendants is a citizen of the state in which the case is brought, *see* 28 U.S.C. § 1441(b); and (3) the case involves an amount in controversy of more than $75,000, *see* 28 U.S.C. § 1332(a). In this case, there is not complete diversity because both Carrillo and Horvath are Texas citizens. *See* Plaintiff's Petition ¶ 2.3; Notice of Removal ¶ 11. The defendants, however, contend that removal is proper because the plaintiff improperly joined Horvath in this suit. Notice of Removal ¶ 11.

### 2. *Improper Joinder*

Even if a defendant has the same citizenship as the plaintiff, a federal court can still exercise removal jurisdiction over an action if the court finds that the plaintiff improperly joined the non-diverse defendant. See *McDonal v. Abbott Laboratories*, 408 F.3d 177, 183 (5th Cir. 2005). The Fifth Circuit has recognized two grounds on which a court can find that a defendant was improperly joined: when "(1) there is actual fraud in pleading jurisdictional facts or (2) the plaintiff is unable to establish a cause of action against the nondiverse defendant." *Campbell v. Stone Insurance, Inc.*, 509 F.3d 665, 669 (5th Cir. 2007) (citation omitted). In this case, only the latter ground is at issue. *See* Notice of Removal at 3-4.

"The party seeking removal bears [the] heavy burden of proving that the joinder of the in-state party was improper." *Smallwood v. Illinois Central Railroad*

- 4 -

*Company*, 385 F.3d 568, 574 (5th Cir. 2004) (*en banc*), *cert. denied*, 544 U.S. 992 (2005). This burden requires the trial court to "resolve any contested issues of material fact, and any ambiguity or uncertainty in the controlling state law, in [the plaintiff's] favor." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999). To satisfy the second ground for improper joinder, the defendant must demonstrate that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573. If the complaint survives this analysis, there is generally no improper joinder, and if the defendant does not prove improper joinder, remand is mandated. *Id.* at 573, 575.

The "reasonable basis" test for improper joinder is essentially "a Rule 12(b)(6)-type analysis," whereby the court "look[s] . . . at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id.* at 573. Moreover, the federal pleading standard applies when conducting the Rule 12(b)(6)-type analysis of an improper joinder claim on a motion to remand. *International Energy Ventures Management, L.L.C. v. United Energy Group, Limited*, 818 F.3d 193, 204 (5th Cir. 2016).

### 3. *The Federal Pleading Standard*

"To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic*

*Corporation v. Twombly*, 550 U.S. 544, 570 (2007)), *cert. denied*, 552 U.S. 1182 (2008). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations, quotation marks, and brackets omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re Katrina Canal*, 495 F.3d at 205 (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted). "The court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Id.* (quoting *Martin K. Eby Construction Company, Inc. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)) (internal quotation marks omitted).

The Supreme Court has prescribed a "two-pronged approach" to determine whether a complaint fails to state a claim under Rule 12(b)(6). See *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The court must "begin by identifying the pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. The court should then assume the veracity of any well-pleaded allegations and "determine whether they plausibly give rise to an entitlement to relief." *Id.* The plausibility principle does not convert the Rule 8(a)(2) notice

pleading to a "probability requirement," but "a sheer possibility that a defendant has acted unlawfully" will not defeat a motion to dismiss. *Id.* at 678. The plaintiff must therefore "plead[ ] factual content that allows the court to draw the reasonable inference that the defendants are liable for the misconduct alleged." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)) (alteration in original). The court, drawing on its judicial experience and common sense, must undertake the "context-specific task" of determining whether the plaintiff's allegations "nudge" its claims against the defendants "across the line from conceivable to plausible." See *id.* at 679, 683.

B. Application

The defendants contend that Carrillo fails to state a claim against Horvath because "[e]ach cause of action asserted against Horvath only details a speculative and hypothetical right to recovery," which does not satisfy the federal pleading standard. Notice of Removal ¶¶ 12-14. Carrillo responds that it has pleaded sufficient facts against Horvath. *See* Plaintiff's Motion at 9-13.

Carrillo alleges that Horvath violated the following provisions of the Texas Insurance Code: "fail[ing] to attempt in good faith to effectuate a prompt, fair, and equitable settlement of . . . a claim with respect to which the insurer's liability has

become reasonably clear," § 541.060(a)(2)(A); "fail[ing] to . . . reasonabl[y] expla[in] [the basis] . . . for the [insurer's] denial of a claim," § 541.060(a)(3); failing "within a reasonable time" to "affirm or deny coverage" or "submit a proper reservation of rights" . . . § 541.060(a)(4); "refus[ing] to pay a claim without conducting a reasonable investigation," § 541.060(a)(7); "making an untrue statement of material fact," § 541.061(1); "failing to state a material fact necessary to make other statements made not misleading," § 541.061(2); and "making a statement in such manner as to mislead a reasonably prudent person to a false conclusion of material fact," § 541.061(3). *See* Plaintiff's Petition ¶¶ 5.2-5.10; TEX. INS. CODE ANN. §§ 541.060-541.061.

Although Carrillo discusses at length whether adjusters can be held liable under Chapter 541, *see* Plaintiff's Motion at 5-13, this court has previously held that adjusters may be found liable under Chapter 541. See *Petree v. Metropolitan Lloyds Insurance Company of Texas (Petree I)*, No. 3:16-CV-0735-G, 2016 WL 3090592, at *4 (N.D. Tex. June 2, 2016) (Fish, J.) ("This court concludes that insurance adjusters can be liable under the provisions of the TEX. INS. CODE at issue here."), *recons. denied*, No. 3:16-CV-0735-G, 2016 WL 4179372 (N.D. Tex. Aug. 9, 2016). Thus, the primary issue in the case is whether Carrillo has stated a claim against Horvath.

Carrillo's allegations against Horvath are strikingly similar to allegations made in other cases where courts have concluded that the plaintiff failed to state a claim.

For example, in *Cavazos v. Sussex Insurance Company*, No. 7:16-CV-00576, 2016 WL 6471139 (S.D. Tex. Nov. 2, 2016) the plaintiffs pleaded that the adjuster (1) "failed to perform a thorough investigation," (2) "failed to include all of the damages," (3) "underestimated and undervalued the cost of repairs," (4) "improperly adjusted [the plaintiffs' claim]," and (5) "misrepresented to [the plaintiffs] that the damage to the property was not covered under the policy." *Id.* at *2 (internal citations and quotations marks omitted). The court concluded that the plaintiffs' allegations were "merely naked assertions devoid of further factual enhancement" because the plaintiffs did not demonstrate "*how* [the defendant] failed to perform a thorough investigation, *what* damages the defendant omitted . . . , *why* such damages should have been included, or *what* specific misrepresentations [the defendant] made to [the plaintiffs]." *Id.* (quoting *Iqbal*, 556 U.S. at 678) (emphasis in original).

Several of Carrillo's allegations are nearly identical to those in *Cavazos*. Specifically, Carrillo asserts that Horvath (1) "failed to perform a thorough investigation," (2) "performed a substandard inspection of the properties," and (3) "misrepresented coverage afforded under the Policy." Plaintiff's Petition ¶ 4.4. Like the allegations in *Cavazos*, Carrillo's allegations fall short of describing what caused the loss. Carrillo failed to specify, for example, which aspects of the inspection were substandard or how any of Horvath's representations were misleading. Carrillo also asserts that Horvath "failed to hire any qualified experts"

and "failed to communicate with the insured." *Id.* These bare assertions do not set forth what made the experts unqualified or the specifics of what Horvath failed to communicate to the insured. As such, these allegations are "nothing more than legal conclusions couched as factual allegations, which the court need not consider in determining a motion to dismiss." See *Weldon Contractors, Ltd. v. Fireman's Fund Insurance Company*, No. 4:09-CV-0165-A, 2009 WL 1437837, at *3-4 (N.D. Tex. May 22, 2009) (McBryde, J.) (concluding that similar allegations were merely conclusory).

Carrillo comes close to alleging a specific fact in asserting that Horvath "did not prepare estimates or scopes of damages to the Properties or failed to provide those to the insured." This statement, taken as true, suggests a "possibility of misconduct" but does not *by itself*, without any further context or factual support, "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." See *Iqbal*, 556 U.S. at 678-679. Moreover, Carrillo has seemingly ignored other information that calls into question the propriety of joinder in this case.[*] The letter from Ohio Security to Carrillo, which the plaintiff cites to support its factual allegations, refers to the estimates that were prepared by Horvath

---

[*] Where "a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder . . ., the district court may, in its discretion, piece the pleadings and conduct a summary inquiry." *Smallwood*, 385 F.3d at 573 (citing *Badon v. R J R Nabisco Inc.*, 224 F.3d 382, 389 n.10 (5th Cir. 2000)).

but allegedly not provided by Horvath to the plaintiff. *See* Appendix in Support of Plaintiff's Motion to Remand at Appx. 014 (docket entry 15). The letter also states that two other individuals inspected the property after Horvath's initial investigation, and one of those individuals assessed the damages. See *id.* Given the lack of any specific references as to how Horvath's conduct harmed the plaintiff, the complaint, at best, "pleads facts that are merely consistent with a defendant's liability" but "stops short of the line between possibility and plausibility of entitlement to relief." See *Iqbal*, 556 U.S. at 678 (citation and internal quotations omitted).

In addition to the claims under Chapter 541 against Horvath, Carrillo also alleges a violation of the Deceptive Trade Practices-Consumer Protection Act (DTPA). *See* Plaintiff's Petition ¶ 11.2. But, because "[t]he DTPA claim is derivative of the Texas Insurance Code claims," and the court has already concluded that Carrillo has not adequately pleaded a cause of action under the Texas Insurance Code, any claim against Horvath under the DTPA must fail. See *Mainali Corporation v. Covington Specialty Insurance Company*, No. 3:15-CV-1087-D, 2015 WL 5098047, at *6 (N.D. Tex. Aug. 31, 2015) (Fitzwater, J.).

In sum, Carrillo has not pleaded "enough facts to state a claim that is plausible on its face." *Twombly*, 550 U.S. at 570. Because Carrillo has not stated a claim against Horvath, this court concludes that the joinder of Horvath was improper. The claims asserted against Ohio Security are unaffected by this ruling, and this ruling

does not preclude Carrillo from amending its complaint to allege more specific facts. Carrillo's claims against Horvath are dismissed without prejudice.

## III. CONCLUSION

For the reasons stated above, the motion to remand is **DENIED** and Carrillo's claims against Horvath are **DISMISSED** without prejudice. The plaintiff may cure -- if it can -- the deficient allegations against Horvath by filing and serving an amended complaint no later than **November 15, 2017**.

**SO ORDERED**.

November 3, 2017.

*A. Joe Fish*
**A. JOE FISH**
**Senior United States District Judge**